IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KETRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-619-WKW |
| | ) | (WO) |
| AUBURN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination case under Title VII. Plaintiff Scott A. Ketring, an associate professor in the Marriage and Family Therapy program at Auburn University, alleges that he experienced discrimination and a hostile work environment on the basis of his Mormon faith. In addition to his Title VII discrimination and hostile work environment claims, he claims that he was retaliated against for complaining of discrimination. Before the court is Defendant Auburn University's motion to dismiss. (Doc. # 12.) Defendant seeks dismissal on two grounds: (1) that Plaintiff's complaint constitutes an impermissible shotgun pleading; and (2) that Plaintiff's judicial complaint exceeds the scope of the charge of discrimination he filed with the EEOC. For the reasons that follow, Defendant's motion to dismiss will be granted in part and denied in part.

## I. DISCUSSION

### A. Plaintiff's complaint is an impermissible shotgun pleading and must be repleaded.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321.

Plaintiff's complaint is a type-one shotgun complaint. It adopts not merely the allegations of all preceding counts, but each and every allegation in the complaint, including the allegations that support subsequent counts. This court has warned against such a practice:

> Rote and repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting the Rule 10(b) requirement to plead separate claims in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is not

enough to "clearly incorporate[ ] all 'facts' ple[aded] in the amended complaint]" . . . as Plaintiff has done; rather the supporting facts must be pleaded in the count asserting the cause of action. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

*McCall v. Bank of America, N.A.*, No. 2:16-CV-184-WKW, 2016 WL 5402748, at *2 (M.D. Ala. Sep. 26, 2016). Plaintiff must therefore replead his complaint, clearly stating which acts committed by which actors support which claims.

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* Therefore, the complaint will be dismissed without prejudice to give Plaintiff an opportunity to refile according to the instructions in this Order.[1]

**B.  Because Plaintiff's complaint is due to be dismissed on shotgun pleading grounds, Defendant's argument that the complaint exceeds the scope of the EEOC charge is premature.**

Defendant's motion to dismiss the complaint for exceeding the scope of the EEOC charge is accordingly denied without prejudice to reassert this or any other

---

[1] Paragraphs 67 and 68 appear to violate Einstein's theory of relativity.

argument relevant to the amended complaint in a subsequent motion to dismiss, or, if Defendant presents materials outside the complaint, motion for summary judgment. In reviewing an amended complaint, the court will credit Plaintiff's EEOC charge, which describes the "negative environment Dr. Keiley had created for Mormon students and me," (Doc. # 1-1), in deciding whether there is sufficient basis to say that Plaintiff's hostile work environment claim can "reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation omitted).[2]

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part with leave to reassert, if necessary, any arguments that may be relevant to the amended complaint, either in a motion to dismiss, or, if Defendant chooses to include materials outside the complaint, motion for summary judgment. Additionally, Plaintiff must replead his claims in compliance with the requirements of this Order.

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss is GRANTED to the extent that Plaintiff must replead his claims and otherwise DENIED without prejudice to

---

[2] "[T]he scope of an EEOC complaint should not be strictly interpreted." *Id.* (quotation omitted).

reassert, if necessary, any arguments that may be relevant to the amended complaint.

2. Plaintiff's claims are DISMISSED without prejudice.

3. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff is given leave to file an amended complaint **on or before February 15, 2019**, that complies with the requirements of this Order.

Claims and demands for relief that fail to comply may be subject to dismissal without further opportunities for amendment.

DONE this 31st day of January, 2019.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE