IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SCOTT A. KETRING,              )
                              )
        Plaintiff,            )
                              )
    v.                        )    CASE NO. 3:18-CV-619-WKW
                              )            [WO]
AUBURN UNIVERSITY,            )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

This is a religious discrimination in employment action under Title VII.
Defendant Auburn University moved to dismiss Plaintiff Scott A. Ketring's
original complaint, claiming that Plaintiff's hostile work environment claim (Count
II) did not arise out of his disparate treatment and retaliation claims (Counts I and
III) as stated in his EEOC charge.  (Doc. # 12.)  Defendant also moved to dismiss
specific allegations that exceeded the scope of Plaintiff's EEOC charge.[1]  Finally,
Defendant sought dismissal of the complaint as a shotgun pleading.  Defendant's
first motion to dismiss attached two documents totaling eight pages:  Plaintiff's
EEOC charge and the EEOC's request for information from Defendant.  (*See*
Docs. # 12-1, 12-2.)

---

[1] Those allegations were in paragraphs 59–63, 69–72, 73–76, 77–78, and 86–89 of the
original complaint.  (Doc. # 1.)

The court granted Defendant's motion only on shotgun pleading grounds and denied the rest with leave to reassert any arguments relevant to the amended complaint. (Doc. # 27, at 5.) At the same time, though, the court suggested that Defendant's administrative-exhaustion argument was one for summary judgment. (Doc. # 27, at 5 ("Defendant's motion to dismiss the complaint for exceeding the scope of the EEOC charge is accordingly denied without prejudice to reassert this or any other argument relevant to the amended complaint in a subsequent motion to dismiss, *or, if Defendant presents materials outside the complaint, motion for summary judgment*." (emphasis added)).) Plaintiff timely filed an amended complaint. (Doc. # 30.)

Defendant now moves to dismiss Plaintiff's amended complaint in part. (Doc. # 31.) Defendant's second motion appears to abandon its argument that Plaintiff's hostile work environment claim exceeds the scope of the EEOC charge. Instead, the motion only seeks to strike specific *allegations* Plaintiff never made before the EEOC.[2] Having attached only two documents and eight pages in support of its first motion to dismiss, Defendant's second motion now attaches over 800 pages from the EEOC's investigative file. (*See* Docs. # 31-1, 32, 33.)

---

[2] These allegations are in paragraphs 59–63, 69–72, 73–76, and 77–78 of the amended complaint. (Doc. # 30.)

# I.    DISCUSSION

Normally, attaching outside materials to a motion to dismiss requires the court to convert the motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  That rule has a few exceptions that are relevant here.  First, if the court properly takes judicial notice of the attached exhibits, it can decide the motion to dismiss without converting it.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276–79 (11th Cir. 1999).  Second, the court can consider an exhibit if it is "central to the plaintiff's claim" and its authenticity is undisputed.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).[3]

A court may take judicial notice of EEOC documents such as the charge of discrimination, the right to sue letter, and the intake questionnaire, because they are records of a public agency.  *See, e.g.*, *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that under the legal applicable standard we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public

---

[3] Defendant earlier suggested that the court could treat its motion as a Rule 12(b)(1) factual attack on subject-matter jurisdiction and thus consider outside materials in deciding the motion.  (Doc. # 20, at 3 n.2.)  That suggestion is dubious considering the Supreme Court's recent decision in *Fort Bend County v. Davis*, --- S. Ct. ---, 2019 WL 2331306, at *6 (Jun. 3, 2019), which held that Title VII's charge-filing requirement is nonjurisdictional.

record, without converting this motion to one for summary judgment."); *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) ("[T]he Court may consider both the EEOC right to sue letter and the EEOC charge, either as referenced in the complaint or as public records subject to judicial notice.").

But Defendant cites no authority suggesting that the court can take judicial notice of other parts of the over-800 page EEOC investigative file, which includes documents more informal than those listed above. (*See, e.g.*, Doc. # 32-1, at 30–35 (letter from Plaintiff to university provost about potential discrimination); Doc. # 32-1, at 36 (email from university EEO director to Plaintiff about Plaintiff's allegations); Doc. # 32-1, at 39–56 (unidentified documents that appear to be Plaintiff's narrative summaries of discriminatory acts); Doc. # 32-1, at 57–63 (emails from another individual in Plaintiff's department complaining of Dr. Keiley's discriminatory behavior and statements)).

In fact, almost all the cases Defendant cites are summary judgment cases in which both parties have a chance to point to evidence. *See, e.g.*, *Abram v. Fulton Cty. Gov't*, 598 F. App'x 672, 678 (11th Cir. 2015) (deciding on appeal from summary judgment that plaintiff failed to exhaust administrative remedies on her constructive discharge claim); *Minnifield v. City of Birmingham*, 325 F.R.D. 450, 461 (N.D. Ala. 2018), *appeal docketed sub nom. Minnifield v. Boackle*, No. 18-12778 (11th Cir. July 2, 2018) (deciding at summary judgment that plaintiff could

not claim disparate discipline because he failed to make that allegation in his EEOC charge); *Brown v. Huntsville City Bd. of Educ.*, 324 F.R.D. 239, 249–50 (N.D. Ala. 2018) (deciding at summary judgment that failure-to-promote allegations were beyond the scope of the EEOC investigation and therefore not properly before the court); *Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343, 1355–58 (N.D. Ga. 2014) (deciding at summary judgment that discrimination claims were not in the scope of the EEOC investigation). *But see Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926, 931 (11th Cir. 2017) (affirming district court's ruling that plaintiff's proposed amendment would be futile because the new allegations did not appear in her EEOC charge); *Robinson v. Koch Foods of Ala.*, No. 2:13-CV-557-WKW, 2014 WL 4472611, at *2 (M.D. Ala. Sep. 11, 2014) (finding, on a motion to dismiss, no exhaustion on claim that plaintiff was fired for filing an EEOC charge because she had the opportunity to amend her charge before suing but did not).

The court is reluctant to decide at this stage that these allegations exceed the scope of Plaintiff's EEOC charge. There is no evidence that Defendant's exhibits represent the full EEOC investigation. And Plaintiff has had no opportunity to present his own evidence as to the scope of the "actual investigation triggered by the EEOC charge," which is the key question in "determining the permissible scope of a judicial complaint of employment discrimination." *Smith v. Sentry Ins.*,

674 F. Supp. 1459, 1467 (N.D. Ga. 1987); *see Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1276 (M.D. Ala. 2011) ("[T]he scope of an EEOC charge is determined by the extent of a reasonable investigation by the EEOC."). "A judicial complaint . . . may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation because the EEOC has had the opportunity to effect voluntary compliance with the law prior to the filing of a civil action." *Scott*, 38 F. Supp. 3d at 1356 (citing *Smith*, 674 F. Supp. at 1467).

Plaintiff represents that he "and his representatives had communications with the EEOC [that] are not reflected in the file" (Doc. # 35, at 4), and he "has had no opportunity to bring forth evidentiary material outside of the complaint to support the extent of the EEOC's investigation" (Doc. # 35, at 5). Without evidence that Defendant's exhibits reflect the full extent of the investigation, the court cannot assume from those exhibits that the EEOC never investigated the allegations Defendant seeks to dismiss. It must give both parties the chance to present evidence on this issue.

The court is also unconvinced that these documents fall into the second exception to the conversion rule. Though Plaintiff does not challenge any specific document as inauthentic, Plaintiff disputes that Defendant's exhibits reflect the full scope of the EEOC's investigation. The court therefore cannot decide whether

Plaintiff's allegations exceed the scope of the investigation without giving Plaintiff an opportunity to present his own evidence on the issue.

## II.    CONCLUSION

The court will therefore order Defendant to show cause why the court should not convert its motion to dismiss into one for summary judgment following "notice to the parties and an opportunity for mutual discovery." *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014); *see* Fed. R. Civ. P. 12(d) (stating that when the court intends to convert, it must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion"). Alternatively, Defendant may move to withdraw its motion to dismiss.

It is ORDERED:

(1)    Defendant must show cause why its motion to dismiss (Doc. # 31) should not be converted into one for summary judgment **no later than June 18, 2019**.

(2)    Plaintiff may respond to Defendant's response to the court's show-cause order **no later than June 25, 2019**.

DONE this 7th day of June, 2019.

_____
                /s/ W. Keith Watkins
          UNITED STATES DISTRICT JUDGE