IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. KETRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-619-WKW |
| | ) | [WO] |
| AUBURN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a religious discrimination in employment action under Title VII, the facts of which have been discussed in two of the court's previous orders (Docs. # 27, 39). Defendant moved to dismiss Plaintiff's amended complaint in part, attaching over 800 pages from the EEOC's investigative file to show that some of Plaintiff's allegations must be dismissed because they were not investigated by the agency. (Doc. # 31.)

Because of Plaintiff's representations that: (1) he "and his representatives had communications with the EEOC [that] are not reflected in the file" (Doc. # 35, at 4); and (2) he "has had no opportunity to bring forth evidentiary material outside of the complaint to support the extent of the EEOC's investigation" (Doc. # 35, at 5), the court ordered Defendant to show cause why its motion to dismiss should not be converted to one for summary judgment under Federal Rule of Civil Procedure

12(d). (Doc. # 39.) Defendant responded, noting that Plaintiff has not requested a hearing on the propriety of judicial notice and has only made conclusory statements that the file is incomplete. (Doc. # 40, at 4.) Plaintiff was afforded an opportunity to reply and explain his representations about the scope of the EEOC's investigation, (Doc. # 39, at 7), but failed to do so.

Considering that the file is a public record whose accuracy cannot reasonably be questioned, *see* Fed. R. Evid. 201(b)(2); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (holding "that the district court was authorized at the motion to dismiss stage to take judicial notice of relevant public documents required to be filed with the SEC"), and that Plaintiff has given no reason to question the file's completeness, the court will take judicial notice of the EEOC's investigative file attached to the motion to dismiss. Defendant's motion to dismiss with the judicially noticed EEOC file attached (Doc. # 31) is therefore ripe for decision. The motion is due to be granted in part and denied in part.

## I. DISCUSSION

Plaintiff's "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). "[J]udicial claims are allowed if they 'amplify, clarify, or more clearly

focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* at 1279–80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). "A judicial complaint . . . may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation because the EEOC has had the opportunity to effect voluntary compliance with the law prior to the filing of a civil action." *Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343, 1356–57 (N.D. Ga. 2014) (citing *Smith v. Sentry Ins.*, 674 F. Supp. 1459, 1467 (N.D. Ga. 1987)).

A. **Paragraphs 59–63 and 77–78 were not investigated by the EEOC and must therefore be dismissed.**

These paragraphs allege that a non-Mormon was chosen over Plaintiff as Director of the Marriage and Family Therapy program at Auburn and that Plaintiff's salary is substantially less than that of non-Mormons in his department. (*See* Doc. # 30, at 11, 14.) Plaintiff does not dispute that the EEOC never investigated these allegations. Instead, Plaintiff argues that, because these allegations "do not form the basis for his claims for relief, but instead constitute *circumstantial evidence* of discrimination and retaliation," they should not be dismissed. (Doc. # 35, at 2.) But Plaintiff cites no authority stating that allegations intended to serve as circumstantial evidence of his claims need not be first investigated by the EEOC. Moreover, Plaintiff incorporates these allegations by reference into his disparate treatment claim. (Doc. # 30, at 14–15 ¶ 80.)

3

Because the allegations in paragraphs 59 through 63 and 77 through 78 are "allegations of new acts of discrimination," they are due to be dismissed from the amended complaint.

**B.    Paragraphs 69 and 70 were not investigated by the EEOC and must therefore be dismissed, but paragraphs 71 and 72 will remain.**

These paragraphs allege retaliatory actions Professor Francesca Adler-Baeder took against Plaintiff because of his religious-discrimination complaints. (*See* Doc. # 30, at 12–13.)  These allegations are incorporated into Plaintiff's retaliation count.  (Doc. # 30, at 18 ¶ 88.)

When the filing of an EEOC charge leads to retaliation, a plaintiff normally need not exhaust his administrative remedies before bringing a judicial claim for retaliation.  *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." (quoting *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981)).  But that rule "do[es] not apply where the retaliatory action occurs after the filing of the first EEOC charge but long enough before the filing of the lawsuit to give the plaintiff an opportunity to amend or to file a new EEOC charge to add a retaliation claim."  *Robinson v. Koch Foods of Ala.*, No. 2:13-CV-557-WKW, 2014 WL 4472611, at *2 (M.D. Ala. Sep.

11, 2014) (citing *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 893 (11th Cir. 2014)).

Three of Professor Adler-Baeder's retaliatory actions are undated in the amended complaint. In paragraph 69, Plaintiff alleges that, "[s]ince being denied full professorship and challenging department head Joe Pittman, full Professor Francesca Adler-Baeder has refused to speak to or even look at Plaintiff," and that, "[i]n the past, Adler-Baeder has made comments to Plaintiff about the Mormon Church and questioned him about his beliefs." (Doc. # 30, at 12 ¶ 69.) In paragraph 70, Plaintiff alleges that "Adler-Baeder replaced Plaintiff's name [on two projects he worked on] with that of a graduate student friend, leaving Plaintiff as second and/or third author." (Doc. # 30, at 12 ¶ 70.) Plaintiff does not dispute that these undated allegations were not investigated by the EEOC, and gives the court no reason to think that he could not have included them in a new or amended charge.

Because Plaintiff fails to show that he had no opportunity to include these undated allegations in a new or amended EEOC charge, the allegations in paragraphs 69 and 70 will be dismissed.

The only dated allegations concerning Professor Adler-Baeder are in paragraphs 70 and 71, which allege that she proposed a "Data Use and Publication Agreement" in April 2018 that "will prevent Plaintiff from ever being able to

5

publish on one of his grants." (Doc. # 30, at 13 ¶¶ 71–72.)  Plaintiff filed his EEOC charge on August 15, 2017, (Doc. # 30-1, at 1), and received his right-to-sue letter on March 30, 2018 (Doc. # 30-2, at 1).  Professor Adler-Baeder's proposal came in April 2018.  Since the EEOC's investigation was complete and Plaintiff had received his right-to-sue letter by the time Professor Adler-Baeder made her April 2018 proposal, he did not have the opportunity to amend his EEOC charge to include it.  *Cf. Duble*, 572 F. App'x at 893 ("Duble's EEOC claim was still pending[] when he was terminated . . . and he had the opportunity to amend his EEOC charge or file a new charge relating to his termination.").

Paragraphs 70 and 71 will therefore remain in the amended complaint.

## C. **Paragraphs 73–76 were not investigated by the EEOC and must therefore be dismissed.**

These paragraphs allege several harassing communications Plaintiff received related to his Mormon faith, either undated or occurring well before Plaintiff filed his EEOC charge.  (*See* Doc. # 30, at 13–14.)  No culprits were identified.  While Plaintiff's EEOC charge relates the "negative environment Dr. Keiley had created for Mormon students and me," (Doc. # 30-1, at 4), nothing in the EEOC file indicates that the agency investigated Plaintiff's receiving hate mail from unnamed sources, and Plaintiff does not dispute that fact.

Because the allegations in paragraphs 73 through 76 are "allegations of new acts of discrimination," they will be dismissed from the amended complaint.

## II. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's motion to dismiss certain allegations in the amended complaint (Doc. # 31) is GRANTED in part and DENIED in part. The allegations in paragraphs 59–63, 69–70, 73–76, and 77–78 of the amended complaint. (Doc. # 30) are DISMISSED without prejudice. The allegations in paragraphs 71 and 72 will remain.

DONE this 15th day of August, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE